UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80038-CV-MARRA/JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PETROLEUM UNLIMITED, LLC,
PETROLEUM UNLIMITED II, LLC,
ROGER A. KIMMEL, JR., HARRY NYCE,
MICHEL-JEAN GERAUD, ROBERT ROSSI,
JOSEPH VALKO, and
MORGAN KIMMEL, n/k/a MORGAN PETITTI,

Defendants.
_____/

## FINAL JUDGMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AS TO DEFENDANT PETROLEUM UNLIMITED II, LLC

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Petroleum Unlimited II, LLC. In its Complaint, the Commission sought, among other relief against Petroleum Unlimited II, LLC, a permanent injunction to prohibit violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; disgorgement of ill-gotten gains and prejudgment interest; and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78(d)(3). This Court previously entered a Judgment of Permanent Injunction and Other Relief as to Petroleum Unlimited II (DE 9).

Petroleum Unlimited II, by virtue of the attached Consent, having entered an appearance and consented to the Court's jurisdiction over it and over the subject matter of this action, has consented to entry of this Final Judgment of Disgorgement, Prejudgment Interest, and Civil Penalty as to Defendant Petroleum Unlimited II ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which it admits); waived findings of fact and conclusions of law; and waived any right to appeal from the Final Judgment. This Court having accepted such Consent, having jurisdiction over Petroleum Unlimited II and the subject matter of this action, and being fully advised in the premises, orders as follows:

## I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Petroleum Unlimited II is liable for disgorgement of $374,306.65, prejudgment interest on disgorgement of $56,320.66, and a civil money penalty of $650,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78(d)(3). Petroleum Unlimited II shall satisfy this Final Judgment by paying $1,080,627.31 within fourteen (14) days of entry of the Final Judgment by certified check, bank cashier's check, or United States postal money to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington, DC 20549, and shall be accompanied by a letter setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made on Petroleum Unlimited II's behalf and pursuant to the Final Judgment. Petroleum Unlimited II shall simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action, Christine Nestor, Esq., at U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  Petroleum Unlimited II shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.  The Commission may enforce this Final Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  In response to any such civil contempt motion by the Commission, Petroleum Unlimited II may assert any legally permissible defense.

To preserve the deterrent effect of the civil penalty, Petroleum Unlimited II shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Petroleum Unlimited II's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Petroleum Unlimited II's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Petroleum Unlimited II shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Petroleum Unlimited II by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Petroleum Unlimited II shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount it pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Petroleum Unlimited II further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts it pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Petroleum Unlimited II shall comply with all of the undertakings and agreements set forth therein.

## III.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

      **DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _16th_ day of _March_, 2012.

                                                    KENNETH A. MARRA
                                                    UNITED STATES DISTRICT JUDGE

Copies to counsel and parties of record